IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WJI INDUSTRIES, INC., an Illinois corporation,

and

STAFFING NETWORK HOLDINGS, LLC, a California Limited Liability Corporation,

Plaintiffs,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation,

Defendant.

Case No.: 1:14-cv-6349

**TRIAL BY JURY IS DEMANDED AS TO ALL ISSUES SO TRIABLE**

**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT**

NOW COME plaintiffs WJI Industries, Inc. ("WJI") and Staffing Network Holdings, LLC ("Staffing Network") (WJI and Staffing Network sometimes hereinafter referred to collectively as "Plaintiffs") and for their Complaint for Breach of Contract and Declaratory Judgment ("Complaint") against Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") state as follows:

**PARTIES**

1. WJI is an Illinois corporation with its principal place of business in Itasca, Illinois. WJI is the parent corporation of Staffing Network.

2. Staffing Network is a California Limited Liability Corporation with its principal place of business in Itasca, Illinois. Staffing Network is a wholly-owned subsidiary of WJI.

3. Philadelphia Indemnity is a Pennsylvania corporation with its principal place of business in Bala Cynwyd, Pennsylvania.

**JURISDICTION AND VENUE**

4. Subject matter jurisdiction is founded upon 28 U.S.C. Section 1332, *et seq*. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties.

5. The court has personal jurisdiction over the parties because each of the parties to this action is either a resident of the State of Illinois or regularly conducts business in the State of Illinois. Additionally, all or a significant part of the transaction that gave rise to this action took place in the State of Illinois.

6. Venue in this district is founded upon 28 U.S.C. Section 1391 (b) (2) because a substantial part of the events giving rise to this action occurred in this district.

**GENERAL ALLEGATIONS**

7. Various lawsuits have been filed against Staffing Network in, *inter alia*, the United States District Court for the Northern District of Illinois, Eastern Division, by employees or former employees of Staffing Network, asserting that Staffing Network violated statutory wage and hour laws, including the Fair Labor Services Act ("FLSA"), the Illinois Minimum Wage Law ("Wage Act") and the Illinois Day and Temporary Labor Services Act ("IDTLSA" (sometimes hereinafter collectively called the "Wage Actions").

8. Two such Wage Actions, relevant to the instant action, are *Martinez, et al. v. Staffing Network Holdings, LLC, et al.*, Case No. 1:13-cv-03181, in the United States District Court for the Northern District of Illinois, Eastern Division ("*Martinez*") and *Barrera, et al. v.*

*Staffing Network Holdings, LLC, et al.*, Case No. 1:13-cv-05889, in the United States District Court for the Northern District of Illinois, Eastern Division ("*Barrera*").

9. In addition to the above, at least two wrongful termination charges were filed against Staffing Network before the National Labor Relations Board ("NLRB") by Griselda Barrera ("Barrerra NLRB Action") and Eidy Gaspar ("Gaspar NLRB Action") (the Barrera NLRB Action and the Gaspar NLRB Action sometimes hereinafter collectively referred to as the "NLRB Actions").

10. Philadelphia Indemnity insures WJI and Staffing Network pursuant to two successive liability insurance policies, specifically Private Company Protection Plus Policy No. PHSD724155 with a Policy Period of April 30, 2012 to April 20, 2013 (the "2012-2013 Policy") and Private Company Protection Plus Policy No. PHSD824447 with a Policy Period of April 30, 2013 to April 30, 2014 (the "2013-2014 Policy") (the 2012-2013 Policy and the 2013-2014 Policy sometimes hereinafter referred to as the "Policies"). Each of the Policies includes both Part 1, Directors and Officers Liability Insurance ("D&O coverage part") and Part 2, Employment Practices Liability Insurance ("EPL coverage part"), both of which provide a $1,000,000 Limit of Liability, subject further to a combined/shared $1,000,000 Limit of Liability for any Claim under the D&O coverage part and any Claim under the EPL coverage part, each subject to a $1,000,000 Aggregate Limit of Liability. True and correct copies of the Policies are attached hereto as **Exhibits A** and **B** and are incorporated by reference herein.

11. In accordance with the terms and conditions of the Policies, WJI and Staffing Network timely reported the Wage Actions, including *Martinez* and *Barrera*, along with the NLRB Actions, to Philadelphia Indemnity.

12. The Policies confer upon WJI and Staffing Network the right to defend any action(s) filed against them, using their own selected counsel, or, in the alternative, to request that Philadelphia Indemnity defend such action(s).

13. With regard to *Martinez* and *Barrera*, WJI and Staffing Network requested that Philadelphia Indemnity defend. In breach of the relevant policy, Philadelphia Indemnity has refused to defend *Martinez* and *Barrera*, resulting in WJI and Staffing Network being forced to defend both lawsuits. Philadelphia Indemnity has not, as required by Illinois law, filed a declaratory judgment action against WJI or Staffing Network seeking a determination of its rights and responsibilities under the relevant policy.

14. With regard to *Martinez* and *Barrera*, Philadelphia Indemnity has, in addition, improperly sought to allocate the reimbursement of WJI's and Staffing Network's defense expenses between covered and non-covered matters, something it is not entitled to do when, as here, it is under a duty to defend WJI and Staffing Network. In addition, Philadelphia Indemnity has improperly taken the position that it is not responsible for certain pre-notice defense costs and has further taken the position that WJI's and Staffing Network's defense counsel is subject to certain Philadelphia Indemnity billing guidelines, including caps on hourly rates, that are not part of the Policies.

15. With regard to the NLRB Actions, WJI and Staffing Network have not requested that Philadelphia Indemnity defend. Instead, WJI and Staffing Network have undertaken their own defense and sought reimbursement of defense fees and costs, as provided for in the relevant policy. Philadelphia Indemnity has taken the position that WJI's and Staffing Network's defense counsel is subject to certain Philadelphia Indemnity billing guidelines, including caps on hourly

rates, that are not part of the relevant policy, resulting in defense counsel not being compensated at the market rate.

16. As a result of the foregoing, Philadelphia Indemnity has not only breached its duty to defend WJI and Staffing Network, it has also refused to reimburse either WJI or Staffing Network for defense fees and expenses incurred in *Martinez*, *Barrera* and the NLRB Actions, resulting in damage to WJI and Staffing Network of well over $400,000.

**COUNT I:**
**BREACH OF CONTRACT**

17. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 16, inclusive, of this Complaint as if fully rewritten.

18. Plaintiffs timely tendered the defense of *Martinez*, *Barrera* and the NLRB Actions and otherwise complied with all terms and conditions of coverage under the Policies.

19. Philadelphia Indemnity has not only refused to defend the Plaintiffs in connection with *Martinez* and *Barrera*, it has refused to reimburse Plaintiffs for defense fees and expenses that Plaintiffs have been forced to incur in *Martinez*, *Barrera* and the NLRB Actions as a result of Philadelphia Indemnity's breach.

20. Philadelphia Indemnity failed to file a declaratory judgment action seeking a timely determination of its rights and responsibilities under the Policies.

21. Plaintiffs have been damaged by Philadelphia Indemnity's breach of the Policies by being forced, at significant expense, to defend *Martinez*, *Barrera* and the NLRB Actions without reimbursement by Philadelphia Indemnity.

22. Philadelphia Indemnity is responsible to Plaintiffs for damages for breach of the Policies.

WHEREFORE, Plaintiffs pray for all damages to which they are entitled resulting from Philadelphia Indemnity's breach of the Policies, which damages are in excess of the jurisdictional limit of this court. Additionally Plaintiffs seek their costs, attorneys' fees, pre- and post-judgment interest as provided by law, and all such other and further relief and damages to which they are or may be entitled, whether at law, in equity, or otherwise.

**COUNT II:**
**DECLARATORY JUDGMENT**

23. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 16, inclusive, of this Complaint as if fully rewritten.

24. Based on the facts alleged herein, and otherwise, an actual and justiciable controversy exists concerning Philadelphia Indemnity's ongoing and anticipated future breach of the Policies in connection with the defense of and/or defense reimbursement in connection with *Martinez*, *Barrera* and the NLRB Actions.

WHEREFORE, Plaintiffs pray for the entry of a judgment declaring the rights and responsibilities of the parties to the Policies, and specifically declaring that Philadelphia Indemnity is obligated to defend and/or reimburse defense costs to Plaintiffs in connection with the *Martinez*, *Barrera* and the NLRB Actions. Plaintiffs seek an adjudication and declaration of all amounts owing from Philadelphia Indemnity to Plaintiffs under the Policies and otherwise, as well as an order to pay all such amounts, whether past, present or future. Additionally Plaintiffs seek their costs, attorneys' fees, pre- and post-judgment interest as provided by law, and all such other and further relief and damages to which they are or may be entitled, whether at law, in equity, or otherwise.

**COUNT III:**
**WAIVER AND ESTOPPEL**

25. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 16, inclusive, of this Complaint as if fully rewritten.

26. Philadelphia Indemnity has breached its duty to defend and/or reimburse defense fees and costs incurred by WJI and Staffing Network under the Policies, and has otherwise breached the Policies.

27. Philadelphia Indemnity did not, as required by Illinois law, institute a timely declaratory judgment action seeking a determination of its rights and responsibilities under the Policies.

28. As a result of its breach of the Policies and its concomitant failure to institute a timely declaratory judgment action seeking a determination of its rights and responsibilities under the Policies, Philadelphia Indemnity has waived, and is estopped from asserting, any and all defenses to coverage under the Policies in connection with *Martinez*, *Barrera* and the NLRB Actions.

WHEREFORE, Plaintiffs pray for an adjudication and declaration from this court that Philadelphia Indemnity has waived, and is estopped from asserting, any and all defenses to coverage under the Policies in connection with *Martinez, Barrera* and the NLRB Actions. Plaintiffs seek an adjudication and declaration of all amounts owing from Philadelphia Indemnity to Plaintiffs under the Policies and otherwise, as well as an order to pay all such amounts, whether past, present or future. Additionally Plaintiffs seek their costs, attorneys' fees, pre- and post-judgment interest as provided by law, and all such other and further relief and damages to which they are or may be entitled, whether at law, in equity, or otherwise.

**COUNT IV:**
**215 ILCS 5/155 – UNREASONABLE AND VEXATIOUS**

29. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 16, inclusive, of this Complaint as if fully rewritten.

30. Philadelphia Indemnity acknowledged its duty to defend *Martinez* and *Berrera.*

31. Despite acknowledging a duty to defend *Martinez* and *Berrera*, Philadelphia Indemnity has failed to appoint defense counsel.

32. After having failed to appoint defense counsel, Philadelphia Indemnity has also failed to pay for or reimburse defense fees and costs incurred by the law firm hired by WJI and Staffing Network to defend *Martinez* and *Berrera.*

33. Additionally, in connection with *Martinez* and *Berrera*, WJI and Staffing Network sought Philadelphia Indemnity's consent to settle on a "costs of defense" basis. Philadelphia Indemnity refused to consent under circumstances in which it was apparent that Philadelphia Indemnity was attempting to induce an unconsented-to settlement to create an additional coverage defense.

34. Philadelphia Indemnity's conduct as alleged above and throughout this Complaint was unreasonable and vexatious within the intent of 215 ILCS 5/155, entitling WJI and Staffing Network to all of the remedies provided for therein.

WHEREFORE, Plaintiffs pray for an adjudication and declaration from this court that Philadelphia Indemnity has acted unreasonably and vexatiously, in violation of 215 ILCS 5/155, entitling WJI and Staffing Network to all available remedies, monetary and otherwise, available under 215 ILCS 5/155. Additionally Plaintiffs seek their costs, attorneys' fees, pre- and post-

judgment interest as provided by law, and all such other and further relief and damages to which they are or may be entitled, whether at law, in equity, or otherwise.

35. **AS TO THE ENTIRETY OF THIS COMPLAINT, AND AS TO EACH SEPARATE COUNT SET FORTH HEREINABOVE, PLAINTIFFS DEMAND A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.**

Dated: August 15, 2014

Leonard S. Surdyk
Robert B. Baker
Janet A. Kachoyeanos
SURDYK & BAKER
225 W. Washington St., Suite 2200
Chicago, IL 60606
Tel (312) 924-2818
Fax (312) 924-2867
lsurdyk@sbchicago-law.com
rbaker@sbchicago-law.com
jkachoyeanos@sbchicago-law.com

**ATTORNEYS FOR THE PLAINTIFFS,
WJI INDUSTRIES, INC. and
STAFFING NETWORK HOLDINGS, LLC**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WJI INDUSTRIES, INC., an Illinois corporation, and STAFFING NETWORK HOLDINGS, LLC, a California Limited Liability Corporation, Plaintiffs, v. PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation, Defendant. | ) | Case No.: 1:14-cv-6349 |

**JURY DEMAND**

Plaintiffs, WJI Industries, Inc. and Staffing Network Holdings, LLC, hereby demand trial by a jury of twelve.

Dated: August 15, 2014

Leonard S. Surdyk
Robert B. Baker
Janet A. Kachoyeanos
SURDYK & BAKER
225 W. Washington St., Suite 2200
Chicago, IL 60606
Tel (312) 924-2818
Fax (312) 924-2867
lsurdyk@sbchicago-law.com
rbaker@sbchicago-law.com
jkachoyeanos@sbchicago-law.com

**ATTORNEYS FOR THE PLAINTIFFS, WJI INDUSTRIES, INC. and STAFFING NETWORK HOLDINGS, LLC**